IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daisy Daniels,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Julie Frigo, et al.,<br><br>　　　　　Respondents. | No. CV-15-1867-PHX-PGR (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

　　Daisy Daniels filed a Second Amended Petition for Writ of Habeas Corpus challenging her conviction and sentence for aggravated assault. Respondents raise several arguments against granting her relief. As explained below, the Court recommends that Daniels' petition be denied and dismissed with prejudice.

**Background**

　　In February 2011, shortly after Daniels was charged by direct complaint with one count of disorderly conduct, a Maricopa County Superior Court grand jury returned a supervening indictment for one count of aggravated assault. (Doc. 22, Exs. B, C) Pursuant to the Court's Order, Daniels was issued a Notice of Supervening Indictment. (Doc. 22, Exs. D, E, F) The State also alleged that Daniels had historical priors, prior felony convictions, and aggravating conditions. (Doc. 22, Exs. G, H, I)

1    After Daniels requested to waive her right to counsel at her initial pretrial
2 conference, the Court conducted a hearing on her request.  (Doc. 22, Ex. J)  At the
3 conclusion of the colloquy, the Court found that Daniels had "knowingly, intelligently,
4 and voluntarily" waived her right to counsel and accepted her waiver.  (*Id*.)  The case
5 continued and, during the third day of trial, the Court granted Daniels' request to have
6 advisory counsel represent her.  (Doc. 22, Ex. K)

7    At the close of the five day trial, a jury found Daniels guilty of one count of
8 aggravated assault.  (Doc. 22, Ex. L)  The Court found Daniels had four prior felony
9 convictions and sentenced her to a presumptive term of 11.25 years.  (Doc. 22, Exs. M,
10 N)

11    Daniels timely initiated appellate proceedings.  (Doc. 22, Ex. P)  Her appellate
12 counsel filed an opening brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and
13 asked the Court to allow her to file a *pro per* supplement.  (Doc. 22, Exs. Q, R)  After she
14 did so, the Arizona Court of Appeals affirmed her conviction and sentence in a decision
15 that addressed several of Daniels' arguments, including that the Fifth Amendment's
16 Double Jeopardy clause was violated when she was charged by direct complaint and then
17 by supervening indictment.  (Doc. 22, Exs. S, T, U)

18    Daniels then timely filed a notice of post-conviction relief and the Court granted
19 her request for appointed counsel.  (Doc. 22, Ex. W)  Appointed counsel reviewed the file
20 and informed the Court that she would not file a petition.  (Doc. 22, Ex. X)  Pursuant to
21 the Court's Order, Daniels filed a *pro per* petition and several supplements.  (Doc. 22,
22 Exs. Y, Z, AA, BB, CC, DD)  The State's response claimed that Daniels raised no
23 colorable claims for relief.  (Doc. 22, Ex. EE)  The Court agreed and dismissed her
24 petition in October 2014.  (Doc. 22, Ex. FF)  It appears that Daniels did not petition the
25 Arizona Court of Appeals for review.  Instead, Daniels filed several additional motions in
26 Maricopa County Superior Court which were construed as requests for further post-
27 conviction relief and denied.  (Doc. 22, Exs. GG, HH, II, JJ)

28

In September 2015, Daniels filed a petition for writ of habeas corpus in this Court. (Doc. 1) She requested, and received, an extension to file an amended petition. (Docs. 6, 7) She filed an amended petition which the Court considered timely and dismissed without prejudice and with leave to amend. (Docs. 8, 13) She timely filed a second amended petition and the Court ordered Respondents to answer it. (Docs. 14, 15) She also filed an affidavit and later amended it. (Docs. 21, 23)

Respondents raise various reasons that Daniels is not entitled to relief. (Doc. 22) Daniels' reply contained several exhibits and argues that this is "newly discovered evidence [that] would probably would [sic] result in an acquittal." (Doc. 28 at 2) As described below, Daniels is not entitled to relief.

**Legal Standards**

Habeas Review. On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state-court rulings' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

Exhaustion of Remedies. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the

specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**Daniels is not eligible for relief.**

Double Jeopardy Claim. Respondents argue that one of Daniels' claims – that her Fifth Amendment double jeopardy rights were violated – is eligible for habeas review but that she is not entitled to relief on this claim. (Doc. 22 at 25-29) Because it appears that Daniels raised this claim in her federal habeas petition, and because this claim was

presented and analyzed by the Arizona Court of Appeals as a question under the U.S. Constitution, it is ripe for habeas review by this Court.  (Doc. 22, Ex. T)

The Court of Appeals concluded that Daniels' double jeopardy rights were not violated because she "was prosecuted only once and received only one sentence for the charged offense.  Although the State dismissed its initial complaint and obtained a supervening indictment prior to Daniels' preliminary hearing, it was allowed by law to do so."  (Doc. 22, Ex. T at ¶ 10)  This is not contrary to, or an unreasonable application of, clearly established Federal law.  Accordingly, Daniels is not entitled to habeas relief for this claim.

<u>All Remaining Claims</u>.  Respondents raise several reasons why Daniels' remaining claims are not properly before the Court.  (Doc. 25 at 9-24)  Respondents argue that these claims were not properly presented to the Arizona Court of Appeals, it is now too late to do so, and, in any event, cannot be considered by this Court because they are not cognizable under federal habeas law.[1]  The Court agrees.

To meet the exhaustion requirement, Daniels needed to fairly present her claims to the Arizona Court of Appeals by providing the facts underlying her claim and the federal basis of those claims.  As Daniels acknowledged in her petition to this Court, she did not present these claims to the Arizona Court of Appeals.  (Doc. 14 at 7-9)  It is now too late to do so.  Accordingly, these claims were not exhausted.

In addition, Daniels' claims are now subject to an implied procedural bar because her claims were not fairly presented in state court and no state remedies remain available to her because she is now precluded or time-barred from raising her claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Daniels has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice.  Daniels does state that she is "not guilty of

---

[1] Respondents' argument that Daniels' habeas petition was untimely is not well-taken because the Court ordered that her amended petition would be considered timely filed. (Doc. 13)

- 5 -

the charge of aggravate[d] assault." (Doc. 14 at 11) She repeated this claim in an affidavit that she filed in this matter and in her reply. (Doc. 21 at 2; Doc. 28 at 33). However, there is no additional information or explanation to support her claim. This is not a sufficient showing of innocence such that the Court can review Daniels' defaulted claims.

However, even if Daniels had raised these remaining claims to the Arizona Court of Appeals, this Court could still not review them because they all appear to be challenges to state court decisions based on state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

**IT IS THEREFORE RECOMMENDED** that Daisy Daniels' Second Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1  Failure timely to file objections to any factual determinations of the Magistrate Judge will
2  be considered a waiver of a party's right to appellate review of the findings of fact in an
3  order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
4  72, Federal Rules of Civil Procedure.

     Dated this 3rd day of August, 2016.

_____
David K. Duncan
United States Magistrate Judge