**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Daisy Daniels,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Julie Frigo, et al.,<br><br>　　　　　Respondents. | No. CV-15-01867-PHX-PGR (DKD)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Duncan (Doc. 30) in light of the petitioner's objections to the Report and Recommendation (Doc. 32), the Court overrules the petitioner's objections and finds that the Magistrate Judge correctly determined that the petitioner's second amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, must be dismissed.

The Court agrees with the Magistrate Judge that the only federal habeas claim that the petitioner properly exhausted, which is her claim in Ground Four that her double jeopardy rights were violated when the State dismissed its direct complaint against her and obtained a supervening indictment by the grand jury prior to her preliminary hearing, is legally meritless. The petitioner is not entitled to habeas relief

as to this issue because the Arizona Court of Appeals' finding that there was no double jeopardy violation inasmuch as the petitioner was only prosecuted once and received only one sentence for the charged offense is not contrary to, or an unreasonable application, of clearly established federal law as established by the Supreme Court. 28 U.S.C. § 2254(d)(1).

The Court also agrees with the Magistrate Judge that none of the petitioner's remaining claims were properly exhausted because they were not presented to the Arizona Court of Appeals, and that she has not demonstrated either cause or prejudice to excuse her procedural defaults or shown any miscarriage of justice, nor has she established that she is actually innocent of the crime of aggravated assault for which she was convicted.

Also pending before the Court is the petitioner's Motion for TRO or Preliminary Injunction (Doc. 29). Having reviewed the parties' memoranda, which include the petitioner's affidavits in support of her motion (Docs. 31 and 37), the Court finds that the motion must be denied. The petitioner, who is seeking to enjoin a prison contract paralegal from failing to photocopy exhibits that the petitioner wants to file with the Court in this action, conclusorily argues that the prison paralegal's denial of photocopying requests has jeopardized her habeas case.

The Court concludes that the petitioner is not entitled to injunctive relief because she has not demonstrated that she is likely to succeed on the merits of her claim. Even if the petitioner is correct that the paralegal improperly refused to photocopy some documents for the petitioner on the ground that the paralegal believed that the documents were not relevant to this habeas action, nothing in any of the petitioner's submitted documents related to her motion demonstrate that any of the allegedly non-copied documents would make any difference in the Court's

resolution of the petitioner's habeas action given the grounds on which the Court is denying the petition. Therefore,

IT IS ORDERED that the petitioner's Motion for TRO or Preliminary Injunction (Doc. 29) is denied.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (Doc.30) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's [Second Amended] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 14) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that the petitioner is not entitled to appeal *in forma pauperis* because the dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable, and because the petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 17th day of October, 2016.

Paul G. Rosenblatt
United States District Judge